# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

DAVID B. DOUGLAS                                                                       PLAINTIFF

v.                              CIVIL ACTION NO. 4:17CV-108-JHM

DAVIESS CO. FISCAL COURT                                    DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court on initial review of Plaintiff David B. Douglas's *pro se*, *in forma pauperis* complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons that follow, the Court will dismiss the action.

## I.

In the caption and parties section of the complaint form, Plaintiff names one Defendant: Daviess County Fiscal Court.[1] He asserts federal-question jurisdiction and lists the following federal statutes and provisions of the U.S. Constitution at issue: "Civil Rights Act of 1964 Pub L 88-352 78 Stat 241 Bill of Rights Amendment 1, 5."

In the complaint, Plaintiff raises two issues. First, Plaintiff alleges, "The Judge of the Daviess Co Fisal Court has threaten Plaintiff life, or well being." Specifically, he claims, "Judge threaten to shoot Plaintiff just before reelection of 7-2014." He also alleges that "Deputy employed by the Daviess Co. Fisal Court (who name is un known) just prior to the incident [with the Judge] made statmen to plaintiff he's glad plaintiff had sense enough to walk away in threaten manner." Plaintiff claims that "Both Threats . . . took place at the O'boro Health park, under their code of conduct" and that "Both Threat appear still to be in effect."

---

[1] Plaintiff actually names the "Fisal Court" as Defendant, but the Court construes the Defendant as the "Fiscal Court."

Second, Plaintiff "issue[s] a complaint of Discrimination against the Daviess Co. Fisal Court" because it maintains a statue "[o]n Public property, the lawn of the court House" that was "given to it by a racist group 'The Daugthers of te Confederactacy.'" He alleges that the statue was "[g]iven to the court about 1900" and that the "soilder (the statue image) refused to exchange black prisoners of war saying they were not human often scalping and killing them." Plaintiff indicates that the Confederacy opposed equal rights for blacks and that "[i]t appear the Fisal Court is in agreement with the confederate's views and the statue statement. Along with the entire community. I disagree with the statue comment and consider it a violation of my Civil Rights." Further, in a complaint form Plaintiff filed with the Kentucky Commission on Human Rights (KCHR), he indicates that he is African-American and that the Confederate statue has caused him to lose his "sense of belonging to the community and disrespect especially when having to go to the courthouse."

As relief, Plaintiff seeks "$7,000,000 minimum, Threats on life exist to this date. Statue on open display claiming my heros are those who say I'm not human on their (public) property." He also seeks damages based on "Undue stress for the concern of Plaintiff's life – freedom of religion [and] Discrimination." Additionally, in the KCHR complaint form, Plaintiff sought removal of the Confederate statue off public property. The Court construes the complaint as seeking the same injunctive relief in this action.

**II.**

Because Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915, the Court must undertake a preliminary review of the complaint. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it

determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

### III.

Because Plaintiff alleges constitutional violations by a municipal actor, the Court construes Plaintiff's claims as being brought under 42 U.S.C. § 1983. *Vistein v. Am. Registry of Radiologic Technologists*, 342 F. App'x 113, 127 (6th Cir. 2009) ("To proceed on a claim under 42 U.S.C. § 1983, a plaintiff must show that a person acting under color of state law deprived the plaintiff of a right secured by the Constitution or laws of the United States."); *Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987) ("[I]n cases where a plaintiff states a constitutional claim

under 42 U.S.C. § 1983, that statute is the exclusive remedy for the alleged constitutional violations."), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989).

### A. Claims of Threats by a Judge and Deputy

Although Plaintiff mentions a "Judge" and a "Deputy" in the complaint, he does not name them as Defendants, and the Court does not consider them to be parties to this action. Even if they were, the claims against them are untimely. The statute of limitations for 42 U.S.C. § 1983 actions is governed by the limitations period for personal injury cases in the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)). The threatening incident about which Plaintiff complains with respect to the Judge and Deputy occurred in July 2014, three years prior to the filing of this complaint on August 24, 2017. While Plaintiff states, "Both Threat appear still to be in effect," he alleges no facts supporting this broad and conclusory allegation, *see Brown v. Wal-Mart Stores, Inc.*, 507 F. App'x. 543, 547 (6th Cir. 2012) ("Although pro se pleadings are to be liberally construed, we are not required to conjure up allegations not pleaded or guess at the nature of an argument."), and therefore fails to sufficiently allege any continuing violation. For these reasons, even if the Judge and Deputy were Defendants, the claims against them would be dismissed.

### B. Claim of Discrimination

Plaintiff brings a claim of discrimination alleging that the Confederacy opposed equal rights for blacks and that "[i]t appear the Fisal Court is in agreement with the confederate's views and the statue statement." The Court construes Plaintiff's claims as arising under the Equal Protection Clause of the Fourteenth Amendment.[2] Before addressing the merits of this claim, the Court must consider whether Plaintiff has standing to bring this claim.

"Subject matter jurisdiction is always a threshold determination." *Am. Telecom. Co., LLC v. Rep. of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "Article III of the Constitution confines the federal courts to adjudicating actual 'cases' and 'controversies.'" *Allen v. Wright*, 468 U.S. 737, 750 (1984), *arguably abrogated by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377 (2014).

---

[2] In the complaint, Plaintiff alleges violations of "Amendment 1, 5." The Court presumes that Plaintiff is trying to bring his discrimination claim under the Fifth Amendment. *See Schneider v. Rusk*, 377 U.S. 163, 168 (1964) ("[W]hile the Fifth Amendment contains no equal protection clause, it does forbid discrimination that is 'so unjustifiable as to be violative of due process.'") (quoting *Bolling v. Sharpe*, 347 U.S. 497, 499 (1954)). However, the Fifth Amendment prohibits discrimination by federal actors, *see Bolling v. Sharpe*, 347 U.S. at 500, and because Plaintiff is suing a state actor, the Fifth Amendment claim fails. Nevertheless, the Equal Protection Clause of the Fourteenth Amendment applies to the states. U.S. Const. amend. XVI, § 1 ("No State shall . . . deny to any person within its jurisdiction the equal protection of the laws."). The Court, therefore, construes Plaintiff's claims against the Daviess County Fiscal Court as being brought under that Amendment.

As to Plaintiff's reference to the First Amendment, as relief, he seeks damages based on "Undue stress for the concern of Plaintiff's life – freedom of religion [and] Discrimination." To the extent he may be attempting to allege a freedom-of-religion claim under the First Amendment, he fails to allege any facts related to such a claim. To the extent he may be attempting to allege a free-speech claim under the First Amendment, Plaintiff fails to allege that the Confederate statue chills his speech in any manner or requires him to support the cause he alleges it represents. *See, e.g.*, *Coleman v. Miller*, 117 F.3d 527, 531 (11th Cir. 1997) ("[T]here is no evidence that Georgia requires appellant to carry or display the flag or to participate in ceremonies honoring the flag. The mere fact that appellant may on some occasions be required to enter public buildings that fly the Georgia flag does not infringe upon his First Amendment rights because entering public buildings does not manifest any particular attitude or belief and does not associate appellant with the flag's message."). Any First Amendment claims, therefore, fail to state a claim upon which relief may be granted.

"Article III standing is a jurisdictional requirement that cannot be waived, and such may be brought up at any time in the proceeding." *Zurich Ins. Co. v. Logitrans, Inc.*, 297 F.3d 528, 531 (6th Cir. 2002) (citing Fed. R. Civ. P. 12(h)(3)). "'In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues.'" *Allen v. Wright*, 468 U.S. at 750-51 (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). "To establish Article III standing, a plaintiff must show (1) an 'injury in fact,' (2) a sufficient 'causal connection between the injury and the conduct complained of,' and (3) a 'likel[ihood]' that the injury 'will be redressed by a favorable decision.'" *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341 (2014) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "An injury sufficient to satisfy Article III must be concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* at 2341. "Conclusory allegations do not satisfy the requirements of Article III." *Binno v. Am. Bar Ass'n*, 826 F.3d 338, 344 (6th Cir. 2016), *cert. denied*, 137 S. Ct. 1375 (2017).

The Court concludes that Plaintiff has failed to sufficiently plead injury in fact, the first element of standing. As injuries, Plaintiff alleges that the Confederate statue has caused him to lose his "sense of belonging to the community and disrespect especially when having to go to the courthouse"; that "Threats on life exist to this date. Statue on open display claiming my heros are those who say I'm not human on their (public) property"; and that he has "Undue stress for the concern of Plaintiff's life."

Based on the foregoing allegations, it appears that Plaintiff essentially is alleging, in part, that he is injured because the Confederate statue stigmatizes him. *See Moore v. Bryant*, 853 F.3d 245, 249 (5th Cir.) ("Plaintiff first alleges that he is unavoidably exposed to the state flag and that the flag's message is 'painful, threatening, and offensive' to him, makes him 'feel like a

second-class citizen,' and causes him both physical and emotional injuries.[] At its core, Plaintiff's injury theory is that the Mississippi state flag stigmatizes him."), *cert. denied*, 138 S. Ct. 468 (2017). "[S]tigmatizing injury often caused by racial discrimination . . . . is one of the most serious consequences of discriminatory government action and is sufficient in some circumstances to support standing." *Allen v. Wright*, 468 U.S. at 755. "Our cases make clear, however, that such injury accords a basis for standing only to 'those persons who are personally denied equal treatment' by the challenged discriminatory conduct." *Id.* (quoting *Heckler v. Mathews*, 465 U.S. 728, 739-40 (1984)). "[T]he gravamen of an equal protection claim is differential governmental treatment, not differential governmental messaging." *Moore v. Bryant*, 853 F.3d at 250 (citations omitted). Thus, "when plaintiffs ground their equal protection injuries in stigmatic harm, they only have standing if they also allege discriminatory treatment." *Id.* at 251 (citing *Allen*, 468 U.S. at 755).

Here, Plaintiff's allegations that he is personally impacted (*e.g.*, that he feels disrespected and stressed) by the Confederate statue, "however sincere those allegations are, [are] irrelevant to *Allen*'s standing analysis unless Plaintiff alleges discriminatory treatment." *Moore v. Bryant*, 853 F.3d at 251. And Plaintiff does not allege that he has been treated differently because of the Confederate statue. *See Moore v. Bryant*, 205 F. Supp. 3d 834, 853 (S.D. Miss. 2016) ("Moore has failed to allege any specific facts or incident where he was denied equal treatment due to the state flag or the message it communicates."), *aff'd*, 853 F.3d 245 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 468 (2017); *see also id.* ("Without sufficient facts that Moore is *treated* differently because of the state flag, his argument that he *feels* like a second-class citizen does not give rise to a legal injury. Where there is no legal right being violated, an injury is not real—and thus cannot be deemed concrete."); *Marks v. Tennessee*, 562 F. App'x 341, 344 (6th Cir. 2014) ("The

7

Supreme Court has held that an 'abstract stigmatic injury' is not cognizable.") (quoting *Allen v. Wright*, 468 U.S. at 755-56). Accordingly, any stigmatic injury Plaintiff is alleging fails to provide a basis for standing.

Similarly, as to Plaintiff's allegation of having to pass the statue when he has to go to the courthouse, "under *Allen* and its progeny, stigmatic injury does not transform into injury in fact just because the source of the stigmatic injury is frequently confronted or the stigmatic harm is strongly, sincerely, and severely felt." *Moore v. Bryant*, 853 F.3d at 251-52 (citations omitted).

In addition, Plaintiff alleges that he is concerned for his life and that "Threats on life exist to this date." While he alleges that he was threatened by a fiscal court judge and a deputy in 2014, he fails to allege that this incident had anything to do with the Confederate statue. Plaintiff simply fails to allege any facts showing that he "is particularly at risk of harm as a result" of the Confederate statue or that any injury is imminent. *Moore v. Bryant*, 205 F. Supp. 3d at 852 ("Sadly, any person can be a victim of violence. And, while there are countless examples of violence against minority groups, including African-Americans, Moore's fear that the State flag and its continued display will lead to imminent violence against him falls short of Constitutional standing.").

The Court concludes that Plaintiff has failed to sufficiently plead an injury in fact and, therefore, has failed to establish standing. Consequently, the Court will dismiss the Fourteenth Amendment claim for lack of subject-matter jurisdiction.

**IV.**

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date: April 17, 2018

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
   Defendant
   Daviess County Attorney
4414.005